# EXHIBIT A



Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Case No.: CAL19-28335

Other Reference No.(s): ...............................

Child Support Enforcement Number: ...............................

**Date issued:** September 4, 2019

To: MGM National Harbor LLC
Serve CSC Lawyers Inc Service
7 St Paul St Ste 820
Baltimore, MD 21202

# WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this Court, to the attached complaint filed by;

THERESA TOLBERT BOYD
3630 BROTHERS PLACE SE
APT 103
WASHINGTON DC 20032

This summons is effective for service only if served within 60 days after the date it is issued.

_Mathasin Ce Cnin_
-----------------------------------------
Clerk of the Circuit Court #4916

To the person summoned:

Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.

Personal attendance in court on the day named is NOT required.

Proper Courtroom attire is expected. Anything that you would wear to an office that presents a professional appearance is appropriate. Please no shorts, cut-off jeans, halter, tank or tube tops or other attire that reveals the abdomen or lower back, spandex or mesh garments.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

# SHERIFF'S RETURN

Circuit Court for Prince George's County

To:_____

Sheriff fee:_____By:_____

Served:_____

Time:_____Date:_____

Unserved (Reason):_____

With the following:

| | |
|---|---|
| ☐ Summons | ☐ Counter Complaint |
| ☐ Complaint | ☐ Domestic Case Information Report |
| ☐ Motions | ☐ Financial Statement |
| ☐ Petition and Show Cause Order | ☐ Other: _____ |
| | (please specify) |

Was unable to serve because:

| | |
|---|---|
| ☐ Moved; left no forwarding address | ☐ No such address |
| ☐ Address not in Jurisdiction | ☐ Other: _____ |
| | (please specify) |

Sheriff Fee: $_____                   _____
                                                    **(Serving Sheriff's Signature & Date)**

Instructions to Private Process:

1. This Summons is effective for service only if served within 60 days after the date issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

IN THE CIRCUIT COURT FOR Prince George's County  ☑
_(City or County)_

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant:* You must file an Information Report as required by Rule 2-323(h).

### *THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

**FORM FILED BY:** ☒PLAINTIFF ☐DEFENDANT    CASE NUMBER _CAL 19-28335_
(Clerk to insert)

**CASE NAME:** Theresa Tolbert-Boyd ___ vs. MGM National Harbor, LLC
_____Plaintiff_____Defendant

**PARTY'S NAME:** Theresa Tolbert-Boyd _____ PHONE:

**PARTY'S ADDRESS:** 3630 Brothers Place, S.E., # 103, Washington D.C. 20032

**PARTY'S E-MAIL:**

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** Brian K. McDaniel, Esq. ___ PHONE: 202-331-0793

**PARTY'S ATTORNEY'S ADDRESS:** 1920 L Street, N.W., Suite 303, Washington D.C. 20036

**PARTY'S ATTORNEY'S E-MAIL:** nesibneh@gmail.com

**JURY DEMAND?** ☒Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☒No If yes, Case #(s), if known:

**ANTICIPATED LENGTH OF TRIAL?:** ___ hours __5__ days

### PLEADING TYPE

**New Case:** ☒ Original    ☐ Administrative Appeal    ☐ Appeal

**Existing Case:** ☐ Post-Judgment    ☐ Amendment

*If filing in an existing case*, skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt:
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☒ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

**CC-DCM-002** (Rev. 04/2017)          Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☐ Court Costs/Fees
- ☐ Damages-Compensatory
- ☐ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default

- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment

- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated Liability above*, mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded. ☐ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000 ☐ $10,000 - $30,000 ☒ $30,000 - $100,000 ☐ Over $100,000

☐ Medical Bills $_____ ☐ Wage Loss $_____ ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| | | | | | |
|---|---|---|---|---|---|
| A. Mediation | ☐Yes | ☐No | C. Settlement Conference | ☒Yes | ☐No |
| B. Arbitration | ☐Yes | ☐No | D. Neutral Evaluation | ☐Yes | ☐No |

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL. (Case will be tracked accordingly)*

- ☐ 1/2 day of trial or less
- ☐ 1 day of trial time
- ☐ 2 days of trial time
- ☐ 3 days of trial time
- ☒ More than 3 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

## EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response  ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff _____ . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| | |
|---|---|
| 08/29/2019 | _____ |
| Date | Signature of Counsel / Party |
| 1920 L Street, N.W., Suite 303 | |
| Address | Brian K. McDaniel |
| | Printed Name |

Washington _____ DC ____ 20036
City _____ State __ Zip Code

## IN THE CIRCUIT COURT OF PRINCE GEORGE'S COUNTY MARYLAND
### (Civil Division)

THERESA TOLBERT-BOYD, individually ~)~
and as Personal Representative of the ~)~
Estate of DONALD FRANICE BOYD ~)~
3630 Brothers Place, S.E., Apt # 103 ~)~
Washington, D.C. 20032 ~)~
~)~ Case No.:
~)~
        Plaintiff, ~)~
~)~
~)~
   v. ~)~
~)~
~)~
~)~
MGM NATIONAL HARBOR, LLC ~)~
3950 Las Vegas Blvd South ~)~
Las Vegas, NV 89119 ~)~
~)~
SERVE: ~)~
~)~
CSC – Lawyers Incorporating Service ~)~
Company ~)~
7 St. Paul Street, Suite 820 ~)~
Baltimore, Maryland 21202 ~)~
~)~
and ~)~
~)~
NATIONAL HARBOR GRAND, LLC ~)~
165 Waterfront Street ~)~
National Harbor, Maryland 20745 ~)~
~)~
SERVE: ~)~
~)~
The Corporation Trust, Inc. ~)~
2405 York Road, Suite 201 ~)~
Lutherville Timinium, Maryland 21093 ~)~
~)~
        Defendants. ~)~
                     )

2019 AUG 29 AM 9: 39
PR GEO CO MD #31
Clerk of the
Circuit Court

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Theresa Tolbert-Boyd, individually and as personal representative of the Estate of Donald Franice Boyd, by and through her attorneys, Brian K. McDaniel, Esq., and The McDaniel Law Group, P.L.L.C., respectfully alleges as follows:

### Nature of the Case

1.      Plaintiff, Theresa Tolbert-Boyd, individually and as personal representative of the Estate of Donald Franice Boyd, brings this Complaint against defendants, MGM National Harbor, LLC and National Harbor Grand, LLC for damages arising from the wrongful death of Plaintiff's decedent, Donald Franice Boyd as a result of Defendant's negligence. Plaintiff's claims arise out of an incident that occurred on July 9, 2017 at the MGM National Harbor resort and casino located in Oxon Hill, Maryland wherein Plaintiff's decedent suffered a cardiac incident while visiting the MGM National Harbor resort. The MGM National Harbor resort and casino did not have a defibrillator on site resulting in the defendants being unable to render any assistance to the Plaintiff's decedent. Plaintiff's decedent suffered significant brain damage as a result of the loss of oxygen and died after approximately two months of hospitalization on September 4, 2017.

### Parties

2.      Plaintiff, Theresa Tolbert-Boyd (hereinafter referred to as 'Plaintiff') is the wife and Personal Representative of the Estate of Donald Franice Boyd. Mrs. Tolbert-Boyd was at all times relevant hereto a resident of the District of Columbia residing at 3630 Brothers Place, S.E., # 103, Washington D.C. 20032.

3.      Decedent, Donald Franice Boyd, (hereinafter referred to as 'Plaintiff's Decedent') was a life-long resident of the District of Columbia and resided at 3630 Brothers Place, S.E., # 103, Washington D.C. 20032 prior to him suffering the cardiac incident on July 7, 2017.

4.    MGM National Harbor, LLC (hereinafter referred to as 'MGM') is a Nevada Limited Liability Company with its principal place of business in Maryland. The MGM National Harbor resort is located on MGM National Avenue, Oxon Hill, Maryland 20745, in Prince George's County, Maryland. The resort includes a 24-story hotel, a 125,000 square foot casino, a concert venue that seats over 3,000 people, numerous restaurants, bars and a luxury spa and salon, among other things. Defendant MGM owns, manages and maintains the premises.

5.    National Harbor Grand, LLC (hereinafter referred to as 'National Harbor Grand') is a Maryland Limited Liability Company with its principal place of business in Maryland. National Harbor Grand, LLC was, and still is, the owner of the land located at MGM National Avenue, Oxon Hill, Maryland 20745.

## Jurisdiction and Venue

6.    Jurisdiction and venue are proper in this Court as the subject incident occurred at Defendant MGM's resort, which is located in Prince George's County, and the amount in controversy exceeds the concurrent jurisdictional limit of the District Court of Maryland.

## Statement of Facts

7.    In April of 2013 – shortly after table games were legalized at Maryland casinos – Defendant MGM and Defendant National Harbor Grand entered into a hotel and casino ground lease.

8.    Upon information and belief, the ground lease set forth that Defendant MGM would open and operate a hotel and casino at the subject premises owned by Defendant National Harbor Grand.

3

9.     The MGM National Harbor opened to the public in the fall of 2016. The 23-acre resort in Prince George's County includes restaurants from celebrity chefs, a concert venue, a food hall, a 24-story hotel, a luxury spa and salon and a 125,000 square foot casino.

10.     Upon information and belief, Defendant MGM owned, operated, controlled and maintained the premises including but not limited to the location where the subject incident occurred.

11.     Upon information and belief, Defendant National Harbor Grand owned, operated, controlled and maintained the premises including but not limited to the location where the subject incident occurred.

12.     As owners and operators of the premises, defendants had a non-delegable duty to ensure that their premises were operated and maintained in a reasonably safe manner to protect the invitees on the premises.

13.     On July 9, 2017, Plaintiff's Decedent visited the MGM National Harbor resort. He was an invitee of the owner defendants.

14.     Plaintiff's Decedent came to the MGM National Harbor resort to patronize the casino.

15.     At or about 10:30 pm, Plaintiff Decedent's was in the South Lounge of the MGM National Harbor resort when he experienced a cardiac arrest. Plaintiff's Decedent fell to the ground as a result of the cardiac arrest.

16.     Plaintiff's Decedent was left unconscious as a result of the cardiac arrest.

17.     Upon information and belief, MGM National Harbor resort staff did not render assistance to the Plaintiff's Decedent, rather the staff kept other invitees away from the Plaintiff's Decedent as he lay unattended on the ground.

4

18.    Upon information and belief, MGM National Harbor resort did not provide any resuscitative assistance to the Plaintiff's Decedent in the form of cardiopulmonary resuscitation (hereinafter referred to as 'CPR') and/or automated external defibrillator (hereinafter referred to as 'AED').

19.    Upon information and belief, MGM National Harbor resort did not have any AED on site to render immediate and necessary aid to Plaintiff's Decedent who had gone into cardiac arrest.

20.    Upon information and belief, Plaintiff's Decedent was forced to remain in cardiac arrest until 10:50, approximately 20 minutes after he initially suffered the cardiac arrest when law enforcement personnel arrived and began CPR and use of the AED.

21.    At approximately 11:00 pm, emergency response personnel arrived on the scene and took over cardiac rescue of the Plaintiff's Decedent.

22.    Plaintiff's Decedent's heart stopped as a result of the cardiac arrest which could have been remedied with prompt external defibrillation and/or proper resuscitative measures.

23.    Neither Defendant, MGM, nor Defendant, National Harbor Grand, arranged for portable defibrillators, an AED, or similar equipment to be placed in multiple locations within the MGM National Harbor resort in the event that invitees sustain cardiac events.

24.    The delay in providing external defibrillation to treat Plaintiff's Decedent's cardiac arrest, coupled with the failure of the Defendants to administer proper resuscitative measures, directly or proximately caused profound health consequences for Plaintiff's Decedent, resulting in conscious pain and suffering and a slow and painful death.

25. Plaintiff's Decedent was ultimately transported to INOVA Hospital – Alexandria where the Plaintiff's Decedent was treated and then transported to hospice care where he remained until his death on September 4, 2017.

## Count One – Wrongful Death

26. Plaintiff hereby incorporates each of the allegations of paragraphs 1 – 13 set forth above as if fully set forth herein.

27. This claim is brought pursuant to § 3-901 through § 3-904 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland. Plaintiff is the primary beneficiary, as surviving spouse of Plaintiff's Decedent, in this action pursuant to § 3-904(a) of the Courts and Judicial Proceedings Article.

28. Plaintiff's Decedent passed away as a direct and proximate result of Defendants negligence and/or negligence of their employees, agents or servants, in that: (1) they did not summon emergency medical personnel in a timely manner; (2) they failed to have on-site an AED or readily available portable defibrillation equipment; (3) the defendants, their agents, employees or servants failed to provide proper resuscitative measures to Plaintiff's Decedent.

29. Defendants owed Plaintiff's Decedent, a duty to train its' employees, agents or servants in appropriate emergency medical response techniques and resuscitative measures; and a duty to undertake all reasonable actions to resuscitate Plaintiff's Decedent, and/or immediately provide him with appropriate emergency care at the time of his collapse.

30. The injury to and death of Plaintiff's Decedent were reasonably foreseeable to the Defendants and their employees, agents or servants and they were negligent by (1) not summoning emergency medical personnel in a timely manner; (2) not having a readily available portable

defibrillation equipment or an AED; and (3) not providing proper resuscitative measures to Plaintiff's Decedent.

31.    As a direct and proximate result of Defendants' negligent breach of duties to Plaintiff's Decedent, Plaintiff's Decedent sustained injuries which left him with significant deficits and resulted in his death on September 4, 2017, approximately two months after his cardiac arrest.

32.    As a direct and proximate result of Defendants' negligence in causing the death of Plaintiff's Decedent, Plaintiff, surviving spouse of Plaintiff's Decedent, sustained pecuniary loss, mental anguish, emotional pain and suffering loss of society, loss of companionship, loss of comfort, loss of solatium and loss of attention.

33.    Plaintiff's Complaint is timely filed within three years after the death of Plaintiff's Decedent, pursuant to MD Cts. & Jud. Pro. Code § 3-904(g).

WHEREFORE, Plaintiff, as surviving spouse of Plaintiff's Decedent, claim damages against Defendants for the wrongful death of Plaintiff's Decedent in the amount of Five Million Dollars ($5,000,000.00)

## Count Two – Survival Action

34.    Plaintiff, as personal representative of the Estate of Donald Franice Boyd, hereby incorporates the allegations contained in paragraphs 1 – 33 as if fully set forth herein.

35.    Plaintiff specifically incorporates each and every allegation as to the duty owed to Plaintiff's Decedent by Defendants, breach of that duty by Defendants, their employees, agents or servants, and direct and proximate causation of Plaintiff's Decedent's death by the negligent acts or omissions of Defendants, their employees, agents or servants as alleged herein.

7

36.     Plaintiff's Decedent, while ultimately dying as a result of Defendants' negligence (and/or the negligence of their employees, agents, or servants), survived for approximately two months from July 9, 2017 until September 4, 2017 in great physical trauma.

37.     Plaintiff's Decedent was conscious and living after his initial collapse, between the time of his cardiac arrest and the time of his death, as the direct and proximate result of the negligence of Defendants, their employees, agents or servants, Plaintiff's Decedent sustained severe conscious pain and suffering.

WHEREFORE, Plaintiff, as Personal Representative of the Estate of Donald Franice Boyd, Plaintiff's Decedent claims damages against Defendants in the amount of Five Million Dollars ($5,000,000.00), plus interest, costs and attorney's fees.

## Jury Demand

Plaintiff requests a jury in this case.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.

Brian K. McDaniel, Esq.
1920 L Street, N.W., Suite 303
Washington D.C. 20036
Tel: 202-331-0793
Fax: 202-331-7004

## RULE 1 – 313 CERTIFICATION

I HEREBY CERTIFY that I am a member in good standing of the Bar of the State of Maryland.

Brian K. McDaniel, Esq.