IN THE CIRCUIT COURT OF PRINCE GEORGE'S COUNTY MARYLAND
(Civil Division)

| | |
|---|---|
| THERESA TOLBERT-BOYD, individually ) <br> and as Personal Representative of the ) <br> Estate of DONALD FRANICE BOYD ) <br> 3630 Brothers Place, S.E., Apt # 103 ) <br> Washington, D.C. 20032 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> MGM NATIONAL HARBOR, LLC ) <br> 3950 Las Vegas Blvd South ) <br> Las Vegas, NV 89119 ) <br> ) <br> SERVE: ) <br> ) <br> CSC – Lawyers Incorporating Service ) <br> Company ) <br> 7 St. Paul Street, Suite 820 ) <br> Baltimore, Maryland 21202 ) <br> ) <br> and ) <br> ) <br> NATIONAL HARBOR GRAND, LLC ) <br> 165 Waterfront Street ) <br> National Harbor, Maryland 20745 ) <br> ) <br> SERVE: ) <br> ) <br> The Corporation Trust, Inc. ) <br> 2405 York Road, Suite 201 ) <br> Lutherville Timinium, Maryland 21093 ) <br> ) <br> Defendants. ) <br> ) | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1

COMES NOW, Plaintiff, Theresa Tolbert-Boyd, individually and as personal representative of the Estate of Donald Franice Boyd, by and through her attorneys, Brian K. McDaniel, Esq., and The McDaniel Law Group, P.L.L.C., respectfully alleges as follows:

## Nature of the Case

1. Plaintiff, Theresa Tolbert-Boyd, individually and as personal representative of the Estate of Donald Franice Boyd, brings this Complaint against defendants, MGM National Harbor, LLC and National Harbor Grand, LLC for damages arising from the wrongful death of Plaintiff's decedent, Donald Franice Boyd as a result of Defendant's negligence. Plaintiff's claims arise out of an incident that occurred on July 9, 2017 at the MGM National Harbor resort and casino located in Oxon Hill, Maryland wherein Plaintiff's decedent suffered a cardiac incident while visiting the MGM National Harbor resort. The MGM National Harbor resort and casino did not have a defibrillator on site resulting in the defendants being unable to render any assistance to the Plaintiff's decedent. Plaintiff's decedent suffered significant brain damage as a result of the loss of oxygen and died after approximately two months of hospitalization on September 4, 2017.

## Parties

2. Plaintiff, Theresa Tolbert-Boyd (hereinafter referred to as 'Plaintiff') is the wife and Personal Representative of the Estate of Donald Franice Boyd. Mrs. Tolbert-Boyd was at all times relevant hereto a resident of the District of Columbia residing at 3630 Brothers Place, S.E., # 103, Washington D.C. 20032.

3. Decedent, Donald Franice Boyd, (hereinafter referred to as 'Plaintiff's Decedent') was a life-long resident of the District of Columbia and resided at 3630 Brothers Place, S.E., # 103, Washington D.C. 20032 prior to him suffering the cardiac incident on July 7, 2017.

4. MGM National Harbor, LLC (hereinafter referred to as 'MGM') is a Nevada Limited Liability Company with its principal place of business in Maryland. The MGM National Harbor resort is located on MGM National Avenue, Oxon Hill, Maryland 20745, in Prince George's County, Maryland. The resort includes a 24-story hotel, a 125,000 square foot casino, a concert venue that seats over 3,000 people, numerous restaurants, bars and a luxury spa and salon, among other things. Defendant MGM owns, manages and maintains the premises.

5. National Harbor Grand, LLC (hereinafter referred to as 'National Harbor Grand') is a Maryland Limited Liability Company with its principal place of business in Maryland. National Harbor Grand, LLC was, and still is, the owner of the land located at MGM National Avenue, Oxon Hill, Maryland 20745.

### Jurisdiction and Venue

6. Jurisdiction and venue are proper in this Court as the subject incident occurred at Defendant MGM's resort, which is located in Prince George's County, and the amount in controversy exceeds the concurrent jurisdictional limit of the District Court of Maryland.

### Statement of Facts

7. In April of 2013 – shortly after table games were legalized at Maryland casinos – Defendant MGM and Defendant National Harbor Grand entered into a hotel and casino ground lease.

8. Upon information and belief, the ground lease set forth that Defendant MGM would open and operate a hotel and casino at the subject premises owned by Defendant National Harbor Grand.

9. The MGM National Harbor opened to the public in the fall of 2016. The 23-acre resort in Prince George's County includes restaurants from celebrity chefs, a concert venue, a food hall, a 24-story hotel, a luxury spa and salon and a 125,000 square foot casino.

10. Upon information and belief, Defendant MGM owned, operated, controlled and maintained the premises including but not limited to the location where the subject incident occurred.

11. Upon information and belief, Defendant National Harbor Grand owned, operated, controlled and maintained the premises including but not limited to the location where the subject incident occurred.

12. As owners and operators of the premises, defendants had a non-delegable duty to ensure that their premises were operated and maintained in a reasonably safe manner to protect the invitees on the premises.

13. On July 9, 2017, Plaintiff's Decedent visited the MGM National Harbor resort. He was an invitee of the owner defendants.

14. Plaintiff's Decedent came to the MGM National Harbor resort to patronize the casino.

15. At or about 10:30 pm, Plaintiff Decedent's was in the South Lounge of the MGM National Harbor resort when he experienced a cardiac arrest. Plaintiff's Decedent fell to the ground as a result of the cardiac arrest.

16. Plaintiff's Decedent was left unconscious as a result of the cardiac arrest.

17. Upon information and belief, MGM National Harbor resort staff did not render assistance to the Plaintiff's Decedent, rather the staff kept other invitees away from the Plaintiff's Decedent as he lay unattended on the ground.

18. Upon information and belief, MGM National Harbor resort did not provide any resuscitative assistance to the Plaintiff's Decedent in the form of cardiopulmonary resuscitation (hereinafter referred to as 'CPR') and/or automated external defibrillator (hereinafter referred to as 'AED').

19. Upon information and belief, MGM National Harbor resort did not have any AED on site to render immediate and necessary aid to Plaintiff's Decedent who had gone into cardiac arrest.

20. Upon information and belief, Plaintiff's Decedent was forced to remain in cardiac arrest until 10:50, approximately 20 minutes after he initially suffered the cardiac arrest when law enforcement personnel arrived and began CPR and use of the AED.

21. At approximately 11:00 pm, emergency response personnel arrived on the scene and took over cardiac rescue of the Plaintiff's Decedent.

22. Plaintiff's Decedent's heart stopped as a result of the cardiac arrest which could have been remedied with prompt external defibrillation and/or proper resuscitative measures.

23. Neither Defendant, MGM, nor Defendant, National Harbor Grand, arranged for portable defibrillators, an AED, or similar equipment to be placed in multiple locations within the MGM National Harbor resort in the event that invitees sustain cardiac events.

24. The delay in providing external defibrillation to treat Plaintiff's Decedent's cardiac arrest, coupled with the failure of the Defendants to administer proper resuscitative measures, directly or proximately caused profound health consequences for Plaintiff's Decedent, resulting in conscious pain and suffering and a slow and painful death.

25. Plaintiff's Decedent was ultimately transported to INOVA Hospital – Alexandria where the Plaintiff's Decedent was treated and then transported to hospice care where he remained until his death on September 4, 2017.

### Count One – Wrongful Death

26. Plaintiff hereby incorporates each of the allegations of paragraphs 1 – 13 set forth above as if fully set forth herein.

27. This claim is brought pursuant to § 3-901 through § 3-904 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland. Plaintiff is the primary beneficiary, as surviving spouse of Plaintiff's Decedent, in this action pursuant to § 3-904(a) of the Courts and Judicial Proceedings Article.

28. Plaintiff's Decedent passed away as a direct and proximate result of Defendants negligence and/or negligence of their employees, agents or servants, in that: (1) they did not summon emergency medical personnel in a timely manner; (2) they failed to have on-site an AED or readily available portable defibrillation equipment; (3) the defendants, their agents, employees or servants failed to provide proper resuscitative measures to Plaintiff's Decedent.

29. Defendants owed Plaintiff's Decedent, a duty to train its' employees, agents or servants in appropriate emergency medical response techniques and resuscitative measures; and a duty to undertake all reasonable actions to resuscitate Plaintiff's Decedent, and/or immediately provide him with appropriate emergency care at the time of his collapse.

30. The injury to and death of Plaintiff's Decedent were reasonably foreseeable to the Defendants and their employees, agents or servants and they were negligent by (1) not summoning emergency medical personnel in a timely manner; (2) not having a readily available portable

6

defibrillation equipment or an AED; and (3) not providing proper resuscitative measures to Plaintiff's Decedent.

31. As a direct and proximate result of Defendants' negligent breach of duties to Plaintiff's Decedent, Plaintiff's Decedent sustained injuries which left him with significant deficits and resulted in his death on September 4, 2017, approximately two months after his cardiac arrest.

32. As a direct and proximate result of Defendants' negligence in causing the death of Plaintiff's Decedent, Plaintiff, surviving spouse of Plaintiff's Decedent, sustained pecuniary loss, mental anguish, emotional pain and suffering loss of society, loss of companionship, loss of comfort, loss of solatium and loss of attention.

33. Plaintiff's Complaint is timely filed within three years after the death of Plaintiff's Decedent, pursuant to MD Cts. & Jud. Pro. Code § 3-904(g).

WHEREFORE, Plaintiff, as surviving spouse of Plaintiff's Decedent, claim damages against Defendants for the wrongful death of Plaintiff's Decedent in the amount of Five Million Dollars ($5,000,000.00)

### Count Two – Survival Action

34. Plaintiff, as personal representative of the Estate of Donald Franice Boyd, hereby incorporates the allegations contained in paragraphs 1 – 33 as if fully set forth herein.

35. Plaintiff specifically incorporates each and every allegation as to the duty owed to Plaintiff's Decedent by Defendants, breach of that duty by Defendants, their employees, agents or servants, and direct and proximate causation of Plaintiff's Decedent's death by the negligent acts or omissions of Defendants, their employees, agents or servants as alleged herein.

36. Plaintiff's Decedent, while ultimately dying as a result of Defendants' negligence (and/or the negligence of their employees, agents, or servants), survived for approximately two months from July 9, 2017 until September 4, 2017 in great physical trauma.

37. Plaintiff's Decedent was conscious and living after his initial collapse, between the time of his cardiac arrest and the time of his death, as the direct and proximate result of the negligence of Defendants, their employees, agents or servants, Plaintiff's Decedent sustained severe conscious pain and suffering.

WHEREFORE, Plaintiff, as Personal Representative of the Estate of Donald Franice Boyd, Plaintiff's Decedent claims damages against Defendants in the amount of Five Million Dollars ($5,000,000.00), plus interest, costs and attorney's fees.

### Jury Demand

Plaintiff requests a jury in this case.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.

_____
Brian K. McDaniel, Esq.
1920 L Street, N.W., Suite 303
Washington D.C. 20036
Tel: 202-331-0793
Fax: 202-331-7004

## RULE 1 – 313 CERTIFICATION

I HEREBY CERTIFY that I am a member in good standing of the Bar of the State of Maryland.

_____
Brian K. McDaniel, Esq.